# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

EVANSTON INSURANCE COMPANY, as
successor by merger to Essex Insurance
Company,

      Plaintiff,

v.                                       Case No: 8:16-cv-2324-T-17TBM

WILLIAM KRAMER & ASSOCIATES,
LLC, a Florida Foreign Limited Liability
Company,

      Defendant.

---

## ORDER GRANTING MOTION FOR STAY

This cause comes before the Court for consideration of the Motion to Stay (Doc. No. 7) filed by the Plaintiff, Evanston Insurance Company. The Court also considered the Memorandum in Opposition to the Motion to Stay filed by the Defendant, William Kramer and Associates, LLC ("**WKA**"). After reviewing the arguments of the parties, the Court **GRANTS** the Motion to Stay.

## I.    Background and Procedural History

In this section, the Court will first describe the parties in this case. The Court will then describe the factual allegations advanced by Evanston Insurance Company in its complaint against WKA. The Court will conclude this section by detailing the procedural history of the litigation before Evanston Insurance Company filed suit in the Middle District of Florida.

### A.    The Parties

The Plaintiff, Evanston Insurance Company, is an Illinois corporation and is the corporate successor by merger to Essex Insurance Company. *Complaint*, Doc. No. 1, ¶ 1. Evanston Insurance Company, offers insurance policies to Florida customers. Id., ¶ 7. The Defendant, WKA, is a Connecticut-based insurance adjustment firm. Id., ¶ 11. Evanston Insurance Company hired WKA to investigate and adjust the insurance claim that instigated this action. Id., ¶ 12.

### B.    Factual Background

In October 2005, Hurricane Wilma blew through the Florida peninsula. Id., ¶ 10. Hurricane Wilma damaged a property that Evanston Insurance Company insured. Id., ¶ 6, 13. Evanston Insurance Company hired WKA to investigate and adjust the loss for the hurricane damage to the insured property. Id., ¶ 12. While performing adjustment services for Evanston Insurance Company, WKA allegedly received notification that the insured property was mortgaged. Id., ¶ 16. WKA failed to report this fact to Evanston Insurance Company, despite specific requests to "determine whether any entity had a mortgage interest" in the insured property. Id. To the contrary, WKA allegedly told Evanston Insurance Company that there was no mortgage on the property. Id.

Evanston Insurance Company paid $5,000,000 to cover the claims against the insured property. Id., ¶ 18. The mortgage holder of the insured property, however, never received payment from Evanston Insurance Company. Id., ¶ 20. The mortgage holder sued Evanston Insurance Company in 2010 for (1) breach of contract, (2) breach of third party beneficiary contract, and (3) negligence. Id., ¶ 21. Based on WKA's failure to identify and inform Evanston Insurance Company that there was a mortgage on the

insured property, Evanston Insurance Company was forced to pay the mortgage holder $1,000,000 to resolve the lawsuit, and incur $250,002.89 in legal fees. Id., ¶ 27.

On August 15, 2016, Evanston Insurance Company filed a one count complaint against WKA in this Court. Id., ¶ 30. Evanston Insurance Company alleges that WKA was negligent for its failure to inform it of the existence of the mortgage. Id. at 6. Evanston Insurance Company seeks reimbursement for the additional $1,000,000 in payments it made to the mortgage holder, and its attorney's fees in the separate lawsuit. Id., ¶ 34.

### C.   Previous Procedural History

The case before this Court is but the latest salvo in a long-running legal battle between Evanston Insurance Company and WKA. In 2013, Evanston Insurance Company sued WKA for the exact same conduct in the United States District Court for the District of Connecticut. (Doc. No. 9 at 79). For nearly three years, the parties diligently litigated this case. Id.

Efforts at settlement that case were unavailing, however, and the parties elected to try the case before a jury in the Connecticut district court. At the conclusion of the trial, the jury entered a verdict for Evanston Insurance Company. Id at 84, ¶ 69. Nonetheless, the district court, in an extensive and thorough order, directed the verdict in favor of WKA because the suit was time-barred. (*Corrected Memorandum and Order*, 13-cv-1537, Doc. No. 9 at 89). Evanston Insurance Company appealed the Connecticut district court's final order. (Doc. No. 9 at 86, ¶ 86). That appeal is ongoing.

Undeterred by the Connecticut district court's ruling, Evanston Insurance Company filed nearly the exact same lawsuit with this Court on August 15, 2016. Evanston Insurance Company then filed the Motion to Stay seeking to stay the case until

the appeal of the Connecticut district court's decision concluded.  WKA opposes the Motion to Stay, and instead asks this Court to dismiss the case with prejudice.

## II.     Analysis

The Court grants the Motion to Stay until the Second Circuit issues the mandate in the appeal of the Connecticut district court's decision.  Evanston Insurance Company shall file status updates regarding the appeal presently before the Second Circuit every ninety days.  The parties are directed to notify this Court of the decision of the Second Circuit within five days after the date that the Second Circuit issues the mandate in the appeal of the Connecticut district court's order.  WKA is granted leave to reassert the arguments in its motion to dismiss, and may include any new arguments that it desires to make.

The Court has inherent power to control the disposition of its docket.  Landis v. N. Am. Co., 299 U.S. 248 (1936).  Courts in the Middle District of Florida "consider several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 615CV465ORL18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015).

The Court finds that granting the Motion to Stay would not prejudice WKA.  The Court's stay of this litigation is for a finite period of time because the Court will lift the stay as soon as the Second Circuit decides the appeal from the Connecticut district court.  The Court neither proscribes WKA from reasserting its arguments in its motion to dismiss filed with this Court, nor does it prevent WKA from vigorously defending this action.  While the

Court discounts Evanston Insurance Company's bold assertion that the stay actually benefits WKA (surely, such a determination is best left to WKA to make), the Court likewise finds that the mere existence of a pending suit in the Middle District of Florida does not unfairly prejudice WKA.

Contrary to WKA's arguments, the Second Circuit's decision in this case may entirely negate the need for litigation before this Court.  A favorable decision could forestall any further litigation of this matter.  The Court's decision to stay does not grant Evanston Insurance Company a "one-sided tactical advantage."  (*Memorandum in Opposition to Stay*, Doc. No. 10 at 7).  The potential merits of WKA's arguments asserting the affirmative res judicta and statute of limitations defenses are all preserved.

Finally, the Court finds that the possibility of a final decision from the Second Circuit ending this litigation would reduce the litigation burdens on the parties and this Court. Evanston Insurance Company is pursuing an appeal of the Connecticut district court's decision, and is preserving its claims before this Court.  At this juncture, this does not constitute exploitation of the judiciary or "a way for a litigant to game the system."  Id. at 8.

## III.    Conclusion

The Court understands WKA's position and desire to terminate this case. However, the Court finds that a stay in this particular case is reasonable pending the Second Circuit's decision of the appeal of the Connecticut district court's order. Therefore, it is

**ORDERED** that the Motion to Stay is **GRANTED**.  It is further **ORDERED** that Evanston Insurance Company shall file status updates regarding the appeal presently before the Second Circuit every ninety days.  The parties are directed to notify this Court

of the decision of the Second Circuit within five days after the date that the Second Circuit issues the mandate in the appeal of the Connecticut district court's order.   The Court directs the Clerk of the Court to administratively close this case, and to terminate any pending motions.   WKA is granted leave to reassert the arguments in its motion to dismiss, and may include any new arguments that it desires to make.   In any new motion to dismiss, WKA shall (1) address the choice of law analysis, and (2) the implications, if any, of the U.S. Supreme Courts holding in Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001) and its progeny on the Court's decision.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 20th day of December, 2016.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties