UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 8:16-cv-02324-TPB-SPF |
| WILLIAM KRAMER & ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT WILLIAM KRAMER & ASSOCIATES, LLC'S
MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS
<u>RENEWED MOTION TO DISMISS THE COMPLAINT</u>**

Defendant William Kramer & Associates, LLC ("Kramer") respectfully moves this Court pursuant to Local Rule 3.01(c) of the Middle District of Florida for leave to file a short reply brief, not to exceed eight (8) pages, to respond to the opposition of Plaintiff Evanston Insurance Company as successor in interest to Essex Insurance Company ("Essex") to Kramer's Renewed Motion to Dismiss the Complaint (the "Motion to Dismiss").

**A. Background for Relief**

Essex filed this lawsuit on August 15, 2016. Dkt. 1. In December 2016, the Court stayed the proceeding in favor of an identical action brought by Essex in Connecticut federal court, which was then on appeal in the United States Court of Appeals for the Second Circuit. Dkt. 21. In July 2019, after certification of an issue to the Connecticut Supreme Court, the Second Circuit affirmed the judgment in favor of Kramer. Dkt. 34. The Court lifted the stay in July 2019. Dkt. 35. Kramer moved to dismiss the Complaint on August 6, 2019. Dkt. 37.

On September 10, 2019, Essex filed an opposition to Kramer's Motion to Dismiss (the "Opposition"). Dkt. 47. Kramer requests that the Court grant leave to file a short reply brief in response to new factual and legal assertions raised in Essex's Opposition.

### B. Memorandum of Law in Support of this Motion

The local rules of the Court provide that "[n]o party shall file any reply . . . unless the Court grants leave." M.D. Fla. R. 3.01(c). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). A reply brief must "benefit the Court's resolution of the pending motion." *Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP*, No. 2:13-CV-802-FTM-29CM, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014).

A reply brief is appropriate in this case because Essex's Opposition contains new factual and legal assertions to which a short response by Kramer would benefit the Court's resolution of the Motion to Dismiss. Essex's assertions are based on erroneous legal positions or inaccurate statements regarding the allegations its own Complaint. The proposed reply will focus on two: first, in an argument not made in connection with Kramer's first motion to dismiss, Essex asserts that dismissal on statute of limitations grounds is not procedurally proper under Rule 12(b)(6) because Essex is not required to anticipate the statute of limitations affirmative defense in its complaint and "it is not apparent from [ ] the face of the Complaint that the statute of limitations bar Evanston's negligence claim." Dkt. 47, p. 17. Kramer has not had an opportunity to address this argument. In the proposed reply, Kramer will demonstrate that Essex's claim is time-barred based on the

2

allegations in the Complaint.  It will also show that, although not necessary to rule for Kramer, this Court is entitled to consider in connection with a motion to dismiss the findings of fact made in the Connecticut Action, including the finding that Essex suffered injury from which damages would be "readily calculable" in 2007.  *See* Dkt. 37, p. 5.  Finally, again although it is not necessary to resolve this motion in Kramer's favor, the Court could properly treat the motion to dismiss as a motion for summary judgment.  *See* Rule 12(d).

Second, to the extent Florida's statute of limitations applies, Essex contends that a "discovery principle" applies to its negligence claim such that its cause of action did not accrue prior to August 30, 2012, "the date on which [Essex] reasonably discovered the right of action."  Dkt. 47, p. 18.  Essex briefs that issue in detail (Opp. at 17-20), arguing that it was not damaged and could not have discovered Kramer's alleged negligence until August of 2012.  These arguments are flatly wrong.  Under Florida law, no discovery rule applies to a simple negligence claim like that asserted by Essex.  Essex's own Complaint alleges that Essex suffered damages from Kramer's alleged negligence in 2010 and shows that no tolling doctrine applies.  Although Kramer very briefly explained that a discovery rule does not apply to Essex's claim in the Motion to Dismiss, Dkt. 37, p. 19; p. 19 n. 4, it has not had an opportunity to respond to Essex's arguments on what is a dispositive point regarding the timeliness of this action, even assuming the Florida statute applies.  Accordingly, affording Kramer the opportunity to provide additional analysis and citation to relevant authority would benefit the Court's resolution of the Motion to Dismiss.

Kramer respectfully requests that this Court grant it leave to file a reply brief of no more than eight (8) pages in length.

| | |
|---|---|
| Dated:  September 17, 2019 | /s/ Charles C. Lemley<br>Charles C. Lemley (Fla. Bar No. 0016314)<br>TRIAL COUNSEL<br>clemley@wileyrein.com<br>WILEY REIN LLP<br>1776 K Street NW<br>Washington, DC  20006<br>(202) 719-7000<br>(202) 719-7049 (facsimile)<br><br>*Attorneys for Defendant*<br>*William Kramer & Associates, LLC* |

**Certification Pursuant to Local Rule 3.01(g)**

The undersigned counsel for the Defendant certifies that he has conferred with opposing counsel. On September 17, 2019, opposing counsel stated that Evanston does not consent to the relief sought herein.

**Certificate of Service**

I hereby certify that on September 17, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received Notices of Electronic Filing.

> Respectfully submitted,
>
>  /s/ Charles C. Lemley
> Charles C. Lemley
> Florida Bar No. 0016314