# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:16-cv-02324-TPB-SPF |
| WILLIAM KRAMER & ASSOCIATES, LLC, | ) |
| Defendant. | ) |

**DEFENDANT WILLIAM KRAMER & ASSOCIATES, LLC'S OPPOSITION TO PLAINTIFF EVANSTON INSURANCE COMPANY'S <u>MOTION FOR LEAVE TO FILE A SUR-REPLY</u>**

Evanston's motion for leave to file a sur-reply (Dkt. 52) should be denied. The purpose of a reply brief is to rebut any new law or facts raised in an opposing brief. *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). Kramer's Reply does not raise any new law or facts. The Reply was eight pages in length and solely addressed arguments made by Evanston in its Opposition. *See* Dkt. 51. In addition, all factual assertions in the Reply were supported by a citation to the Complaint or to the record in the Connecticut Action as cited in Kramer's Renewed Motion to Dismiss the Complaint. *Id*. There is simply no new fact or legal argument raised in the Reply.

Evanston had multiple extensions to respond to the Renewed Motion to Dismiss (to which Kramer consented) resulting in Evanston having nearly double the time to oppose Kramer's motion than Kramer was granted to bring it. *Compare* Dkt. 35 (granting Kramer

twenty days to file a motion to dismiss) *with* Dkts. 37 & 47 (thirty-five days between the date Kramer filed its motion and the date Evanston filed a response).  Evanston then waited nearly two weeks to seek leave to file a sur-reply.  Moreover, Evanston's motion for leave to file a sur-reply does not assert that Kramer raised any new fact or law in its Reply, and relies entirely on a generic assertion that Kramer "mischaracterize[d] [its] arguments," without any specifics whatsoever.

Absent unusual circumstances, there is no good reason to allow more briefing beyond a motion, an opposition, and a reply; indeed, in this Court a party must obtain leave even to file a reply.  Kramer's Renewed Motion to Dismiss has been fully briefed and ready for the Court's decision since September 30, 2019.  There is not good reason to re-open briefing now.  Kramer respectfully asks the Court to deny Evanston's motion.

|  |  |
|---|---|
| Dated:  October 14, 2019 | Respectfully submitted,<br><br>/s/ Charles C. Lemley<br>Charles C. Lemley (Fla. Bar No. 0016314)<br>TRIAL COUNSEL<br>clemley@wileyrein.com<br>WILEY REIN LLP<br>1776 K Street NW<br>Washington, DC  20006<br>(202) 719-7000<br>(202) 719-7049 (facsimile)<br><br>*Attorneys for Defendant*<br>*William Kramer & Associates, LLC* |

**Certificate of Service**

I hereby certify that on October 14, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received Notices of Electronic Filing.

Respectfully submitted,

/s/ Charles C. Lemley
Charles C. Lemley
Florida Bar No. 0016314
