UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE
COMPANY,

    Plaintiff,

v.                                       Case No. 8:16-cv-02324-T-60SPF

WILLIAM KRAMER & ASSOCIATES,
LLC,

    Defendant.
_____/

## ORDER GRANTING "DEFENDANT WILLIAM KRAMER & ASSOCIATES, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT"

This matter is before the Court on "Defendant William Kramer & Associates, LLC's Renewed Motion to Dismiss the Complaint" filed by counsel on August 6, 2019. (Doc. # 37). Plaintiff filed a response in opposition on September 10, 2019 (Doc. # 47) and Defendant filed a reply on September 30, 2019. (Doc. #51). The Court held a hearing on this matter on November 13, 2019, and directed the parties to file memoranda addressing several issues. *See* (Doc. ## 66, 68, 69).[1] Upon review of the motion, response, memoranda, court file, and record, the Court finds as follows:

---

[1] The Court also directed the parties to file a copy of the December 27, 2010, complaint filed by non-party Intervest against Plaintiff. *See* (Doc. # 67).

## Factual Background[2]

Plaintiff, Evanston Insurance Company, is the successor by merger to Essex Insurance Company (collectively "Plaintiff"). (Doc. # 1 at ¶ 1). In June 2005, IDM Management, Inc. purchased insurance policies for a property it owned and managed in Broward County, Florida – The Villas at Lauderhill. (*Id.* at ¶¶ 6–7). Plaintiff was one of the excess insurers on the coverage plan. (*Id.*).

In October 2005, Hurricane Wilma struck the Florida coast and caused substantial damage to The Villas. (*Id.* at ¶ 10). Plaintiff hired Defendant, William Kramer & Associates, LLC, to investigate and adjust the claim for hurricane damage to the property. (*Id.* at ¶¶ 11–12). Defendant was also hired by Aspen Specialty Insurance Company – another insurer of the same property – to investigate and adjust the claim. (*Id.* at ¶ 13). In April 2006, Defendant sent checks for payment under Aspen's initial coverage policy, including one to non-party Intervest & Brodsky & Associates ("Intervest") – a mortgagee of the property. (*Id.* at ¶¶ 14–15). However, after Aspen's initial coverage was exhausted, Defendant did not advise Plaintiff of Intervest's interest in the property. (*Id.* at ¶ 19). As a result, Plaintiff did not pay Intervest. (*Id.* at ¶ 20).

In December 2010, Plaintiff was sued by Intervest because Intervest, as a mortgagee of the property, possessed a legal interest in Plaintiff's payments made

---

[2] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

under its policy. (*Id.* at ¶ 21; Doc. # 67-1). As part of its complaint, Intervest included a copy of the mortgage that Defendant negligently failed to identify. (Doc. # 67-1). However, Plaintiff claims it discovered for the first time, on August 30, 2012, that Defendant knew about Intervest's mortgagee status. (Doc. # 1 at ¶ 24).

## Procedural Background

On October 22, 2013, Plaintiff filed a one-count negligence complaint against Defendant in the United States District Court for the District of Connecticut. On post-trial motion, the Connecticut Court ruled that the claim was time-barred by the Connecticut statute of limitations, and entered judgment in favor of Defendant. *See Essex Ins. Co. v. William Kramer & Associates., LLC*, Case No. 3:13-cv-1537, 2016 WL 3198190, at *19 (D. Conn. 2016). On June 16, 2016, Plaintiff appealed to the United States Court of Appeals for the Second Circuit. (Doc. # 37).

On August 15, 2016, while the Second Circuit appeal was pending, Plaintiff filed a nearly-identical complaint with this Court as a back-up plan in case its appeal in the Second Circuit was unsuccessful. (Doc. ## 1, 37-4). On December 20, 2016, Judge Kovachevich stayed this case pending a ruling from the Second Circuit. (Doc. # 21). On June 11, 2019, the Second Circuit affirmed the judgment of the District of Connecticut. *Evanston Ins. Co. v. William Kramer & Associates, LLC*, 925 F.3d 604, 604 (2d Cir. 2019). On July 17, 2019, following notice of the Second Circuit's ruling, this case was re-opened. (Doc. # 35).

## Legal Standard

A motion to dismiss for failure to state a claim tests the legal sufficiency of a plaintiff's complaint. *Fla. Action Comm. v. Seminole Cty*, 212 F. Supp. 3d 1213, 1223 (M.D. Fla. 2016). At a minimum, a complaint must include "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The Court may only consider the facial sufficiency of the complaint, must accept all well-pleaded factual allegations as true, and is required to interpret the complaint "in the light most favorable to the [p]laintiff." *See Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Where it appears on the face of the complaint that a plaintiff can prove "no set of facts in support of his claim" that would entitle him to relief, the complaint may be dismissed with prejudice. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Twombly*, 550 U.S. at 562–63.

Granting a motion to dismiss "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Doe v. St. John's Episcopal Parish Day Sch.*, 997 F. Supp. 2d 1279, 1284 (M.D. Fla. 2014) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## Analysis

Defendant argues that this case should be dismissed because it is barred by both Connecticut's and Florida's statutes of limitations. Plaintiff contends that the Court should apply Florida's longer statute of limitations and find that its claim is timely. Upon review, the Court finds that, even if it were to apply the Florida statute of limitations, the face of Plaintiff's complaint makes it clear that its claim is time-barred.[3]

Plaintiff has brought a claim for negligence. In Florida, a common law negligence action has a statute of limitations of four years. *See* § 95.11(3)(a), *Florida Statutes*. For general negligence claims, Florida applies the first injury rule to determine when the statute of limitations begins to run. Under this rule, a "cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), *F.S.*; *see Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 202 So. 3d 859, 862 (Fla. 2016).

In this case, the last element of the cause of action most likely occurred in 2007, when Plaintiff – due to Defendant's negligence – failed to pay Intervest under the policy. However, at the latest, it occurred in 2010 when Plaintiff was served with a complaint from Intervest that attached a copy of the mortgage that serves as the basis for its negligence claim here.[4] At that moment, in 2010, Plaintiff knew or

---

[3] In addition to the statute of limitations argument, Defendant also asserts an argument that Plaintiff's claim should be barred under the doctrines of both claim and issue preclusion. *See* (Doc. # 37). Since the question can be resolved on statute of limitations grounds, the Court need not consider the preclusive effect of the Connecticut Court's prior ruling.

[4] The Court takes judicial notice of Intervest's complaint and the attached mortgage. *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811–12 (11th Cir. 2015).

should have known it had a claim for negligence against Defendant.[5] As such, it is clear that the last element of the cause of action accrued more than four years prior to Plaintiff filing its complaint. As a result, under the first injury rule, Plaintiff's claim is time-barred.

In some cases, such as those involving professional malpractice or fraud claims, Florida applies the delayed discovery rule. Under this rule, "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000). However, this rule is only applied in Florida when provided by statute. *Bedtow Group II, LLC v. Ungerleider*, 684 F. App'x 839, 841 (11th Cir. 2017); *Merle Wood & Assoc., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1309 (S.D. Fla. 2012); *Davis v. Monahan*, 832 So. 2d 708, 709–10 (Fla. 2002). "Under current Florida law, the delayed discovery rule does not apply to general negligence claims." *See Carrington Cap. Mgmt, LLC v. Carr*, Case No. 2:15-CV-14191-ROSENBERG/LYNCH, 2015 WL 6865750, at *3 (S.D. Fla. Nov. 9, 2015). As such, the delayed discovery rule does not apply to this case.

Although this action is for general negligence, the Court notes that Plaintiff's claim would be considered untimely even under the delayed discovery rule. As previously noted, when Intervest served Plaintiff with its complaint, it included a copy of the mortgage that Defendant failed to identify.[6] (Doc. # 67-1). *Consequently,*

---

[5] The Court need not determine which of the two dates is proper under the first injury rule because both dates necessitate a finding that the statute of limitations has run.
[6] Even if Intervest's complaint had not included the mortgage, it still would have placed Plaintiff on notice of the mortgage's existence and – as a result – Defendant's negligence.

*Plaintiff had actual notice that Defendant negligently failed to identify the mortgage and inform Plaintiff of its existence when it received a copy of Intervest's complaint in 2010.* Therefore, even under the delayed discovery rule, it is apparent from the face of the complaint that Plaintiff's claim is time-barred.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant William Kramer & Associates, LLC's Renewed Motion to Dismiss the Complaint" (Doc. # 37) is **GRANTED**.

2. Plaintiff's complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to terminate any pending motions or deadlines, and subsequently close this case.

**DONE** and **ORDERED** in Chambers in Tampa, FL this <u>10th</u> day of December, 2019.

                                            **TOM BARBER**
                                            **UNITED STATES DISTRICT JUDGE**